UNITED STATES of America, Plaintiff–Appellee,

v.

Jose Luis MATUTE, also known as Ruben Dario Reyes–Zapata, Defendant–Appellant.

No. 05–40513. Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Nov. 9, 2005.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A Meyers, Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM: *

Jose Luis Matute appeals his guilty-plea conviction and sentence for being found present in the United States following deportation without having obtained the consent of the Attorney General or

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the Secretary of the Department of Homeland Security. Matute argues, pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are elements of the offense, not sentence enhancements, making those provisions unconstitutional. He concedes that this argument is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), but raises it for possible review by the Supreme Court.

"*Apprendi* did not overrule *Almendarez–Torres*." *United States v. Rivera*, 265 F.3d 310, 312 (5th Cir.2001); *see Apprendi*, 530 U.S. at 489–90, 120 S.Ct. 2348. We must follow the precedent set in *Almendarez–Torres* unless the Supreme Court itself determines to overrule it. *See Rivera*, 265 F.3d at 312.

AFFIRMED.

---

1. Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.